### E. C. SMITH v. W. B. HORTON.

Application No. 1882. Decided March 26, 1898.

**1. Supreme Court—Jurisdiction.**
  The Supreme Court has no jurisdiction to grant writ of error in a case appealed from district court where, the suit being to enjoin sale of exempt property under execution, the value of the property is not alleged to be an amount not within the jurisdiction of the county court. (P. 22.)

**2. Exemptions—Bicycle—Case Approved.**
  The ruling of the Court of Civil Appeals in this case, holding a bicycle not exempt from execution as being a tool or apparatus belonging to the trade or profession of an architect (46 Southwestern Reporter, 401), approved. (P. 22.)

APPLICATION for writ of error to the Court of Civil Appeals for the Fifth District, in an appeal from Hunt County.

Smith sued in the District Court to restrain Horton, the constable, from selling under execution a bicycle claimed to be exempt. He appealed from an order dissolving the injunction on final hearing, and on affirmance of this judgment by the Court of Civil Appeals applied for a writ of error.

*Jas. F. Nichols,* for petitioner.

GAINES, Chief Justice.—This was a petition for writ of injunction, brought in the District Court, to restrain defendant, a constable, from selling a bicycle belonging to the plaintiff at execution sale. The property was claimed to be exempt from forced sale as a tool or apparatus of the plaintiff's profession. He was an architect. The value of the bicycle is nowhere alleged in the petition. The damages claimed for the seizure are only $50. There is an allegation that plaintiff paid $50 for the bicycle, and while this possibly may be taken as some evidence of value, it is in our opinion in no sense an allegation of value. This court, save in exceptional cases, has no jurisdiction over a cause of action which might properly have been prosecuted under the Constitution in the county court. We have held that the county court has power to grant extraordinary writs, such as mandamus and injunction, in cases over which it has jurisdiction of the amount in controversy. The value of the property not appearing by averment in the petition, it may be that it was worth between $200 and $1000. If so, the county court would have had jurisdiction of the case and power to grant the writ of injunction. It follows that it does not appear affirmatively from the petition that the District Court had exclusive jurisdiction of the controversy. We therefore incline to the opinion that we have no jurisdiction to grant the writ of error.

But we have examined the case upon its merits, and think the Court of Civil Appeals did not err in affirming the judgment of the trial court. Since the result would be the same, whether we entertained jurisdiction or not, we refuse the application for writ of error.