### CHILDS et al. v. BROWN.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 26, 1912.)

COURTS (§ 122*)—JURISDICTION—AMOUNT IN CONTROVERSY—ALLEGATIONS IN PETITION.

A petition for the dissolution of a firm and the appointment of a receiver thereof, which contains no allegation of the value of the firm business as a whole or of the value of plaintiff's interest therein, fails to show that the subject-matter in controversy is of value sufficient to confer jurisdiction on the district court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 122.*]

Appeal from District Court, Archer County.

Action by W. J. Brown against W. T. Childs and another. From an order appointing a receiver, defendants appeal. Reversed and remanded.

J. T. Montgomery, of Wichita Falls, and W. E. Forgy, of Archer, for appellants. Carrigan & Householder, of Wichita Falls, for appellee.

CONNER, C. J. This is an appeal from an order of the honorable district court of Archer county appointing a receiver upon the application of appellee, W. J. Brown. The order was granted upon an amended petition of appellee wherein he complained of the Bank of Holliday, W. T. Childs, as the managing officer of the bank, and others. It was alleged that the parties complained of were conducting a banking business as partners and the plaintiff had an interest therein; that its said managing partner, W. T. Childs, was conducting the business for his own benefit appropriating its proceeds to his own use; and that he had excluded the plaintiff, Brown, from all information as to the assets of the bank or as to the conduct of the business, and he prayed for the appointment of a receiver.

We are of opinion that the judgment must be reversed for want of a showing of juris-

---

diction in the court which granted the order. Construing the petition most liberally in favor of appellee, it may possibly be said that the plaintiff sought a dissolution of the partnership, though this is not very clear. It is clear, however, that the petition contains no allegation of the value of the partnership business as a whole, nor of the value of the interest of appellee therein. It therefore fails to show that the subject-matter in controversy was of value sufficient to confer jurisdiction upon the district court. See Moore v. Snell, 88 S. W. 270.

Judgment reversed, and cause remanded.