STYLE et al. v. LANTRIP.    (No. 1398.)

(Court of Civil Appeals of Texas.   Texarkana. Nov. 19, 1914.)

1. PARTNERSHIP (§ 119*) — APPOINTMENT OF RECEIVER—AUXILIARY RELIEF.

A petition, for a partnership receiver, merely alleging that the copartner had absented himself and that another was claiming his interest and the exclusive control, whereby petitioner was in danger of losing the money invested, is insufficient where neither the terms of the partnership agreement nor the value of the property is stated, as except in the case of lunatics and infants, the exercise of such appointed power is purely auxiliary depending on the pendency of a suit seeking some ultimate relief, which is within the jurisdiction of the court.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 181½; Dec. Dig. § 119.*]

2. PARTNERSHIP (§ 197*) — NATURE — "LEGAL ENTITY."

An ordinary partnership is not a "legal entity," and can neither sue nor be sued in the firm name.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 360; Dec. Dig. § 197.*

For other definitions, see Words and Phrases, First and Second Series, Entity.]

3. APPEAL AND ERROR (§ 384*) — APPEAL BOND — REAL PARTIES IN INTEREST — PARTNERSHIP.

Where a petition for partnership receiver alleges that petitioner was a copartner with a named defendant, doing business under the name Style Furniture Company, and that the firm was moved to another city, whereupon her copartner disappeared, and another named person claimed to own his interest and also the exclu-

sive interest, and was doing business under the name West Side Furniture Company, the other members of which were unknown, an appeal bond, by defendants, in the firm name, is insufficient, as the individuals were the real parties in interest.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2049–2056; Dec. Dig. § 384.*]

4. APPEAL AND ERROR (§ 139*)—PERSONS ENTITLED TO APPEAL—NOMINAL PARTY.

An appeal, by a nominal party who is not affected by the judgment, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 905; Dec. Dig. § 139.*]

Appeal from District Court, Bowie County; W. T. Armistead, Special Judge.

Petition by Mrs. Mattie Lantrip against Leonard Style and others. From an order appointing a receiver as prayed for, defendants appeal. Appeal dismissed.

E. Newl Spivey and Mahaffey & Hughes, all of Texarkana, for appellants. C. A. Wheeler and J. I. Wheeler, both of Texarkana, for appellee.

HODGES, J. On the 17th day of July, 1914, Mrs. Mattie Lantrip, the appellee in this appeal, filed in the court below, the following petition:

"The State of Texas, County of Bowie.

"In the Special District Court Bowie County, Texas.

"October Term, 1914.

"To the Honorable W. T. Armistead, Judge of Said Court:

"Now comes Mrs. Mattie Lantrip, who resides in Miller county, Ark., hereinafter styled plaintiff, and complains of Leonard Style, whose residence is unknown, W. B. Riddick, who resides in Bowie county, Tex., the Style Furniture Company, a partnership composed of Leonard Style and Mrs. Mattie Lantrip, and whose place of business is at 213 West Broad street, Texarkana, Bowie county, Tex., and the West Side Furniture Company., a partnership composed of W. B. Riddick and others whose names are unknown to plaintiff, and whose place of business is alleged to be at 213 West Broad street, Texarkana, Tex., all of whom are hereafter styled defendants.

"For cause of action plaintiff shows to the court: That on or about August 1, 1913, she and the defendant Leonard Style formed a partnership under the name of the Style Furniture Company, for the purpose of engaging in buying and selling new and secondhand furniture at 323 West Broad street, Texarkana, Tex., and that she contributed to the said partnership in cash about $1,250, and that the defendant Leonard Style contributed to the said partnership in cash about $200. That she and the defendant Leonard Style continued doing business at 323 West Broad street, in Bowie county, Tex., until about the 30th day of January, 1914, when the defendant Leonard Style persuaded her to move their place of business to 213 West Broad street, Bowie county, Tex., and that they continued their said business at 213 West Broad street, Texarkana, Tex., until about [the] 11th day of March, A. D. 1914. That on the 11th day of March, A. D. 1914, the defendant Leonard Style left said business in charge of the defendant W. B. Riddick, under the pretense of going to Kansas City to look for a more suitable location, and the said Leonard Style has never returned to Texarkana, and the plaintiff is unable to locate him or to learn why he has failed

to return to Texarkana and assist in carrying on their said business. That immediately after the said Leonard Style left Texarkana, the defendant W. B. Riddick, who has charge of the business, began to claim that he had purchased the interest of the said Leonard Style in the said Style Furniture Company, and refused to permit plaintiff to have anything to do with the said business, to examine the books of said business, or to participate [in] the profits of said business, and that she has been wholly excluded from participating in said business in any manner since said day. That the defendant W. B. Riddick is disposing of the said stock of goods, the same being the property of the Style Furniture Company, without accounting to this plaintiff for any of the proceeds thereof. That the defendant W. B. Riddick until recently conducted the said business under the name Style Furniture Company, and plaintiff is now informed, and so believes on information and belief, that the said W. B. Riddick is now pretending to be the sole owner of said business, and that he is now conducting the same under the name of the West Side Furniture Company. That she has been unable to get any statement of the assets and liabilities of said business since about [the] 1st day of February A. D. 1914, and for that reason she is unable to give the approximate value of the assets or the approximate amount [of the] liabilities of said business. That unless prevented defendant W. B. Riddick will sell and dispose of the stock of goods belonging to the said business, and will dissipate the proceeds thereof, to plaintiff's damage the sum of $1,250. That plaintiff has no adequate remedy at law, and therefore prays the court that a receiver be appointed to take charge of said stock of goods, wares, and merchandise, together with all bills and accounts that may be due the said Style Furniture Company, or the West Side Furniture Company, and the books of the said Style Furniture Company, and the West Side Furniture Company, and to wind up said partnership and to render an accounting of the same, and to sell all the property of the said partnerships and to pay all debts due by said partnerships, to collect all notes and accounts owing to the said partnerships, and to do all things necessary for the protection of the interests of the partners of said partnerships. That unless a receiver is appointed at once the defendant W. B. Riddick and others, composing the West Side Furniture Company, will sell and dispose of the said stock of goods, and will appropriate the proceeds thereof to their own use and benefit without accounting to plaintiff as a partner, and will thus deprive the plaintiff of the value of her interests in the said stock of goods, wares, merchandise, and other assets belonging to the said partnership. Wherefore, premises considered, plaintiff prays that the defendants, Leonard Style, W. B. Riddick, the Style Furniture Company, and the West Side Furniture Company, be cited to appear and answer this petition; that a receiver be appointed at once with· authority to take charge of the goods, wares, and merchandise of the said Style Furniture Company, and the said West Side Furniture Company, together with all the property belonging to the said companies, and all books, notes, and accounts and invoices of the said companies; that the receiver be authorized to invoice, inventory, and appraise all property belonging to the Style Furniture Company, and to the West Side Furniture Company, and to return same to this court with a list of claims against said company; to sell all of the stock of merchandise of the said company at retail, in the ordinary course of trade, and to account for proceeds thereof to this court, and if necessary to purchase stock and replenish same from time to time as to the said receiver may appear to be necessary to carry on said business, and for such other

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

and further orders of this court as may be found necessary in the premises granting relief to plaintiff and in accounting for said partnerships and in winding up their affairs."

The petition was sworn to in proper form. On the next day after the filing of this petition it was presented to Hon. W. T. Armistead, judge of that court, in chambers at Jefferson, Tex., and he on that day, without notice to any of the parties named as defendants, made an order appointing S. L. Gill receiver for the property. described in the petition, conferring upon him, in substance, the powers prayed for. This appeal is from that order.

[1] In a brief filed by the "appellant," without stating which appellant, the only objection urged is that the allegations of the petition did not justify the trial judge in appointing a receiver without first giving notice to the opposing parties. This suit seems to be an action to have a receiver appointed to take charge of certain partnership property, with authority to ascertain and settle the debts and wind up the partnership business. Neither the terms of the partnership agreement nor the value of the property is stated. On the contrary, it is expressly alleged by the petitioner that she does not know the value of the partnership assets. Except in the case of lunatics and infants the appointment of a receiver alone does not constitute a cause of action. The exercise of such appointing powers is purely auxiliary, depending upon the pendency of a suit, seeking some other and ultimate relief, which is within the jurisdiction of the court. Webb v. Allen, 15 Tex. Civ. App. 605, 40 S. W. 342; Hermann v. Thomas, 143 S. W. 195; T. & P. Ry. Co. v. Gay, 86 Tex. 582, 26 S. W. 599, 25 L. R. A. 52; High on Rec. § 17. It is not only essential that the petition should state grounds calling for the appointment of the receiver to take charge of the property involved in the litigation, but it should also show upon its face an independent cause of action within the jurisdiction of the court. It should show that the subject-matter or amount in controversy is within the court's jurisdiction. Bates v. Hill, 144 S. W. 288; Stricklin v. Arrington, 141 S. W. 189; Ware v. Clark, 125 S. W. 618; Smith v. Horton, 92 Tex. 21, 46 S. W. 627. In merely calling attention to the failure of the petition to state the value of the property, we do not wish to be understood as saying that it is otherwise legally sufficient.

[2, 3] But there is another obstacle which precludes the adjudication of this controversy on its merits—the absence of any appeal bond by the real parties defendant in the court below. After reciting some preliminary facts essential to describe and identify the order appealed from, the bond contains the following:

"And whereas said Style Furniture Company and the West Side Furniture Company desire to appeal from said order, etc. * * * Now, therefore, know all men by these presents that we, the Style Furniture Company and the West Side Furniture Company as principals, and * * * and * * * as sureties, acknowledge ourselves bound to pay to the plaintiff, Mrs. Mattie Lantrip, the sum of two thousand dollars," etc.

The bond is signed "Style Furniture Company" and "West Side Furniture Company" by their attorney. Then follow the signatures of the sureties. Nowhere does the name of either Leonard Style or W. B. Riddick, the real parties defendant, appear in the bond. An ordinary copartnership, such as that described in the original petition filed in this suit, is not a legal entity, and can neither sue nor be sued in the courts of this state by the firm name. Glasscock v. Price, 92 Tex. 271, 47 S. W. 965; Frank v. Tatum, 87 Tex. 204, 25 S. W. 409. It is true that both the Style Furniture Company and the West Side Furniture Company are named in the petition as defendants, but that language is mere surplusage, and should not be considered in determining the identity of the real parties defendant. The petition fails to state the name of those who compose the West Side Furniture Company further than to say that W. B. Riddick is one, and that the others are unknown. A suit against W. B. Riddick did not have the effect of bringing the West Side Furniture Company before the court. Frank v. Tatum, supra. It cannot be claimed that the Style Furniture Company is before the court as a defendant, for Mrs. Lantrip, the plaintiff in the suit, is a member of that firm, and is named as the sole obligee in the appeal bond. If the court were called upon to render a judgment on this bond, against whom could it be rendered? Certainly not against either Riddick or Style, because they do not appear as having appealed; and if not against them, then no other parties are named who might be held liable.

[4] We do not overlook the fact that our statute now permits defective bonds on appeal to be amended under certain conditions. But we are inclined to think this bond is equivalent to no bond at all from the only parties who have the right to prosecute this appeal. If Riddick and Style are not made parties to the appeal by that bond, it is now too late for them to perfect their appeal by filing a new bond. An appeal by a nominal party who is not affected by the judgment will not be considered. Hawley v. Whitaker, 33 S. W. 688. Even if it should be held that the bond is merely defective and may be amended, this appeal would ultimately have to be dismissed because of the defects pointed out in the original petition.

The appeal is therefore dismissed.