## MARION COUNTY et al. v. PERKINS BROS. CO. (No. 1356.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 26, 1914.)

1. INJUNCTION (§ 13*)—OFFICERS—OFFICIAL DUTY—PROPERTY RIGHTS.

An officer will not be restrained from performing an official duty except on clear showing that the act is unlawful and that its performance will result in private injury to complainant.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 13; Dec. Dig. § 13.*]

2. PLEADING (§ 34*) — PETITION — CONSTRUCTION.

A petition against an officer seeking to enjoin performance of official duty will be strictly construed, and every reasonable inference will be indulged in favor of the legality of the act sought to be restrained.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. § 34.*]

3. TAXATION (§ 611*)—COLLECTION OF TAXES—INJUNCTION—PETITION.

A petition to enjoin an alleged excessive tax was insufficient, where it merely alleged that the officers were demanding payment without an allegation that an attempt had been made to enforce collection by an actual or threatened levy on complainant's property.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1242, 1245–1257; Dec. Dig. § 611.*]

4. TAXATION (§ 611*)—WRONGFUL ENFORCEMENT—INJUNCTION—AMOUNT IN CONTROVERSY—JURISDICTION.

In a suit to enjoin a tax, the petition should allege the nature and extent of the injury to which petitioner will be subject if the writ is not issued, which is usually the value of the property seized to constitute the tax in order to show what court has jurisdiction.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1242, 1245–1257; Dec. Dig. § 611.*]

Appeal from District Court, Marion County; W. T. Armstead, Judge.

Suit by Perkins Bros. Company against Marion County and others. Judgment for plaintiff, and defendants appeal. Reversed, with instructions to dismiss.

W. L. Grogan, of Jefferson, for appellants. R. R. Taylor, of Jefferson, for appellee.

HODGES, J. In December, 1913, Perkins Bros. Company, which is described as a private corporation, filed an application in the court below seeking to restrain the county of Marion and the tax collector of that county from demanding certain taxes which it is claimed were illegally assessed. On January 26th an amended original petition was filed. It is alleged that Perkins Bros. Company is a private corporation, with its place of business and domicile in Jefferson, Marion county, Tex., with S. P. Perkins as its president, who resides in Hunt county, Tex.; that during the year 1913 it was a taxpayer in Marion county; "that it rendered its as-sessments of its property for taxation to the tax assessor for said county for said year 1913 at and for the sum of $10,000, which complainant believes was full valuation; that there is and was a custom in force at that time, and it was the rule of said commissioners' court to accept a valuation of 60 per cent. on all property rendered for taxation." It is alleged that Marion county, acting through its commissioners' court, during the year 1913 arbitrarily and without notice to the complainant raised its assessment from $10,000 to $15,000, and that the county and its tax collector are now unlawfully demanding payment of the sum due upon that assessment, which amounts in the aggregate to $211.50. It is further alleged that the amount due upon an assessment of $10,000 is $141, and that sum is tendered into court. It is further alleged:

"That after said commissioners' court, or board of equalization, had raised said assessment, and just as soon as complainant heard of it, it went to said commissioners' court, or board of equalization, and demanded a hearing on the same, and it was denied a hearing by said commissioners' court, or board of equalization; that this complainant is now without a remedy for the redress of this wrong, and will suffer irreparable injury at the hands of said respondent if it is allowed to go ahead and extort from this complainant said illegal and wrongful taxes, as hereinbefore set forth and alleged."

It is also averred:

"That they (the board of equalization) received other assessments of property at a valuation of 60 per cent. and denied this right to this complainant."

The petition closes with a prayer for a writ of injunction restraining the county and the tax collector "from any further attempt to collect said illegal taxes."

Upon a trial before a jury a judgment was rendered in favor of the complainant. An appeal was perfected by all of the parties defendant in the suit, but briefs are filed by Marion county alone.

[1-3] There are several specific errors assigned, some of which are based upon the remarks made by the attorney for the appellee in his argument before the jury. Without discussing those assignments in detail, we suggest that the language used was improper and would, in our opinion, be sufficient ground for reversing the case in a close contest on the facts. But we think the amended original petition, upon which the case was tried, is fundamentally defective, and for that reason the case should be reversed. An officer will not be restrained by a writ of injunction from the performance of an official duty, except where it is clearly shown that the act to be forbidden is unlawful and that its performance would result in some private injury to the complaining party. And in determining whether or not that situation exists, the averments of the pleader seeking such re-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

lief will be strictly construed, and every reasonable inference will be indulged in favor of the legality of the official act sought to be restrained. Gillis v. Rosenheimer, 64 Tex. 246; Schlinke v. De Wit County, 145 S. W. 660, and cases there cited. Where the writ is invoked to prevent the collection of a tax, as in this instance, it devolves upon the party seeking to restrain such collection not only to allege and prove that the excess of which he complains is unlawful, but that unless its collection is enjoined he will sustain some injury to his property. The petition in this case fails to state any facts which show that the appellee will sustain any injury if the writ is not issued. It is true it does allege that it will suffer an irreparable injury unless the parties defendant are enjoined; but this is not sufficient. In such cases the pleader must state the facts upon which he relies to support that general averment, so that the court may determine that question for itself. Holbein v. De La Garza, 126 S. W. 42; 22 Cyc. pp. 927, 928; 1 High on Inj. §§ 22, 489, 491. It is not claimed that any property has been seized, or is liable to be seized and sold in satisfaction of this alleged unlawful demand. It is merely alleged that the parties defendant are "demanding" payment. Until this demand assumes the form of an attempt to enforce collection by an actual or threatened levy upon the appellee's property, it does not disclose any injury that will call forth a writ of injunction.

[4] It is also apparent that the petition fails in another respect to state a cause of action within the jurisdiction of the district court. Jurisdiction in such cases is to be determined by the nature and extent of the injury the petitioner will sustain if the writ is not issued. This is usually the value of the property seized. This sum should be stated in order to comply with the rule that the jurisdiction of the court over the subject-matter should affirmatively appear from the face of the petition. Smith v. Horton, 92 Tex. 21, 46 S. W. 627; Ware v. Clark, 125 S. W. 618. It may be that when an effort is made to enforce collection of this tax the value of the property seized, or the damage likely to result, will bring the case within the jurisdiction of the county court.

We shall not undertake to discuss the questions raised in the various assignments of error. The tax collector, who is an important party to this appeal, has filed no briefs, and Marion county is only a nominal party, and for that reason we dispose of the appeal only on the fundamental objections referred to.

The judgment will be reversed, with instructions that the suit be dismissed unless the petition is so amended as to cure the defects mentioned. But we do not wish to be understood as holding that the petition is sufficient in all other respects.