**MOTEX OIL CORPORATION v. TAYLOR.**
(No. 9604.)

(Court of Civil Appeals of Texas. Fort Worth. April 23, 1921.)

Courts ⊂⇒170—Allegation of value of stock is necessary in mandamus suit to compel the corporation to issue the stock.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1705, 1763, 1764, providing that county court has original and exclusive jurisdiction in civil cases involving from $200 to $500, and that it has concurrent jurisdiction with the district court in cases involving from $500 to $1,000, and in cases exceeding $1,000 that the district court has exclusive jurisdiction, a petition for mandamus to compel a corporation to issue stock must contain an allegation of the value of the stock, and an allegation of the number of shares and their face value is not sufficient to show jurisdiction of a district court to determine the issue.

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Suit by H. G. Taylor against the Motex Oil Corporation. From a judgment granting writ of mandamus, defendant appeals. Reversed and remanded, with instructions.

Bonner & Bonner, of Wichita Falls, for appellant.

Lemuel H. Doty, of Wichita Falls, for appellee.

---

DUNKLIN, J. H. G. Taylor sued the Motex Oil Corporation for a writ of mandamus to compel the defendant to issue to him capital stock in the corporation. The trial court granted the writ and suspended its issuance pending this appeal by the defendant company.

By one of the assignments of error presented here the contention is made that plaintiff's petition failed to show jurisdiction in the district court to grant the relief prayed for, and that in the absence of such a showing the judgment should be reversed. The basis of that contention is that plaintiff failed to allege the value of the stock which he sought to have issued to him, and which was personal property. We have carefully examined the petition and find that, while it describes the stock to which plaintiff alleges he is entitled as several thousand shares, of the face value of $1 per share, there is no allegation as to the real value of such stock. We are of the opinion that it was incumbent upon the plaintiff to allege the actual value of the stock in order to show jurisdiction of the district court to determine the issue in controversy. It is a matter of common knowledge that the capital stock of many corporations showing a face value of large sums of money is absolutely worthless.

By article 1763, V. S. Civ. Statutes, the county court is given exclusive original jurisdiction in civil cases where the matter in controversy shall exceed in value $200, and shall not exceed $500, exclusive of interest, and by article 1764 concurrent jurisdiction with the district court when the matter in controversy shall exceed $500, and shall not exceed $1,000, exclusive of interest. By other articles, of the statutes, exclusive jurisdiction is vested in the district court where the matter in controversy exceeds $1,000. In Smith v. Horton, 92 Tex. 21, 46 S. W. 627, it was held that the county court has power to grant extraordinary writs, such as mandamus and injunction, in cases over which it has jurisdiction of the amount in controversy. In that case it was further held, in effect, that it was necessary for the petition to contain allegations of the value of the property in controversy in order to show that the district court had jurisdiction to grant the writ of injunction which was prayed for in that case to restrain the sale of certain personal property. In People's Ice Co. v. Phariss, 203 S. W. 66, which was a suit to foreclose a chattel mortgage, it was held that a failure to allege the value of the property mortgaged to secure the debt was fundamental error, requiring a reversal of the judgment of the trial court in the absence of any exception or plea by the defendant presenting that question. Many decisions are cited in the opinion which fully support the conclusion reached.

Upon the authorities cited, the assignment of error now under discussion is sustained, the judgment of the trial court is reversed, and the cause is remanded, with instructions that the same be dismissed, unless plaintiff's pleadings shall be so amended as to show jurisdiction in the trial court to determine the controversy.

This conclusion renders it unnecessary to determine the merits of other assignments in appellant's brief, which, therefore, will not be discussed.

Reversed and remanded.