PATRICIO R. FERMAINT, Plaintiff and Appellant, *v.* JUAN PIZÁ, Defendant and Appellee.

No. 8421.   Argued May 7, 1942.—Decided May 21, 1942.

*Enrique Báez García* for appellant.   *Adolfo García Veve* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The only question for consideration and determination in this case is whether it is the district court or the municipal court that must take cognizance of the same.

The complaint entitled for "redemption" was filed in the District Court of San Juan on September 17, 1940, and it was therein alleged, in short, that The Puerto Rico Advertising Company was a domestic corporation engaged in the business of radio broadcasting from the station "W.P.R.A." of Mayagüez, its capital stock being divided into shares of the par value of fifty dollars each;

That said shares of stock, according to the first subdivision of the eighth paragraph of the articles of incorporation "shall be nominative and their transfer to a second or subsequent purchaser shall not be recorded unless the director of the corporation and the stockholders are notified of the intent to sell the same thirty days in advance of such sale, or, in other words, of the day when the sale is made" and

the second subdivision of said clause provided that "Should any share be sold without compliance with such requisite, any stockholder may redeem the same within ninety days from the time of the presentation of the transfer for record in the registry of the corporation";

That Manuel Marín was the holder of two such shares and the plaintiff the holder of another, Marín having transferred his shares on July 30, 1940, to defendant Pizá without complying with the stipulations of the first subdivision, paragraph eighth of the articles of incorporation, as he confined himself to advising the corporation of such fact in a letter dated July 31, 1940, and that Pizá having requested on August 29, 1940, the entry of the transfer on the stock registry of the corporation, its directors refused his request on the ground stated;

That the plaintiff learned of the transfer on August 29, 1940, and he desires, as a stockholder, to avail himself of the right of redemption conferred on him by the eighth paragraph of the articles of incorporation, subrogating himself in the place of the defendant and that "although $50 is the nominal value of each share, the plaintiff does not know the actual price paid by Juan Pizá to Manuel Marín, for which reason the plaintiff does not deposit any sum in court but is willing to give bond for depositing said price when the same becomes known";

That the defendant is a joint owner of the radio station "W.N.E.L.", which is a competitor of the Puerto Rico Advertising Company and is interested in intervening in the latter's business by scrutinizing the acts of its competitor and hindering its operation for the benefit of his corporation; and

That the plaintiff "binds himself to fully comply with subdivision 5 of §1618 of the Spanish Code of Civil Procedure, to retain the stock redeemed from Juan Pizá for four years and, more particularly, not to transfer said stock with-

out first complying with the provisions of the eighth paragraph of the articles of incorporation of the Puerto Rico Advertising Company."

After the defendant had been summoned, he filed, on September 19, 1940, a pleading entitled "demurrer" in which he alleged that the court was without jurisdiction and that the complaint failed to state facts sufficient to constitute a cause of action.

The court disclaimed jurisdiction to take cognizance of the action on account of the amount involved. It did not go into the question of whether or not the complaint stated facts sufficient to constitute a cause of action. It granted ten days to amend and, as the plaintiff failed either to amend or to apply for an extension of time, the defendant moved for judgment. The court granted the motion and rendered judgment on June 30, 1941, dismissing the action, with costs. It is from that judgment that the present appeal has been taken.

Three errors are assigned and discussed by the appellant in his brief, urging that the court erred in disclaiming jurisdiction (1) because in actions for redemption district courts have exclusive jurisdiction; (2) because in actions for redemption no account is taken of the amount involved but of the right of any co-owner to be subrogated in the place of the subsequent purchaser or assignee, and (3) because in actions where the amount involved is unknown, jurisdiction thereof belongs to the district court.

As may be seen, in arguing this case the appellant proceeds on the assumption that he has brought an action for redemption as provided for in the Civil Code and conformable to the procedure established in the former law of Civil Procedure.

It is questionable whether his case falls within the rigid limits of the redemption which is at present governed by §§1396 to 1415 of the Civil Code, 1930 ed.; but assuming that

it could be embraced therein, we do not agree that on this single fact, that is, because a redemption is involved, jurisdiction thereof should belong to the district court to the exclusion of a municipal court.

In the decision of this court in *Pujals* v. *District Court*, 40 P.R.R. 87, a study was made of the act which determines the jurisdiction of municipal courts and of the jurisprudence construing the same, and the conclusion was reached that said courts have jurisdiction in all civil actions prosecuted in their district in which the amount claimed does not exceed $500 *or where the subject matter involved is susceptible of valuation or assessment and does not exceed that amount*, with the exceptions already established by the jurisprudence, in which actions for redemption are not included.

Relying on the facts of the case and on the holding of this court, the district court in its decision said:

"It only appears from the complaint that the shares involved in the litigation are nominally worth $100. Of course, the nominal value of a share of stock does not always correspond to its actual value, but in the absence of any allegation to the contrary, we can not presume said actions to be worth more than $100 or that the defendant paid for them more than $100 each.

"* * * * * * *

"If the actual value of the shares, or the price paid by the defendant when purchasing the same, was other than the only value set forth in the complaint and said value exceeded $500, then the subject matter involved would come within our jurisdiction."

We agree that no money claim is involved herein, but we do not agree that the thing claimed is not susceptible of valuation. The shares of stock have some value. The only one assigned to them, or the nominal value of $100, has been mentioned, and as the jurisdiction is governed by such value, the cognizance of said claim belongs exclusively to the municipal court.

Does any other value appear from the complaint? In his argument the appellant maintains the affirmative, and says

that it is sufficient for him to allege as he did that he is not aware of the price paid by the defendant to Marín, such averment to be taken in connection with his other allegation concerning the interest of the defendant in acquiring the shares for the purposes already stated, and that this justifies the assumption that the price paid exceeded $500.

In our judgment, this is not sufficient. In the first place, there is no concrete allegation in the complaint regarding this particular. It is not even stated therein that Marín and Pizá, upon demand, refused to disclose to the plaintiff the price involved in the transfer. In the second place, defendant's demurrer, which was filed before the 90-day period of the auction had expired, impliedly proceeded on the basis of the value being less than $500. And, in the third place, the plaintiff, who had an opportunity to amend his complaint and clarify his allegations after the ruling of the district court became known, failed to do so. See *Motex Oil Corporation* v. *Taylor*, 233 S. W. 520 (Tex.); *Childs et al.* v. *Brown*, 151 S. W. 1154 (Tex.). He preferred to rely on his theory that the cognizance of the action involved exclusively belonged to the district court, irrespective of any amount involved, and we have ruled that said theory, which might have been well-founded within the court system in force prior to 1904, is not so at present.

The appeal must be dismissed and the judgment appealed from affirmed.