Patricio R. Fermaint, demandante y apelante, *v.* Juan Pizá, demandado y apelado.

Núm. 8421.—*Sometido:* Mayo 7, 1942. *Resuelto:* Mayo 21, 1942.

*Enrique Báez García,* abogado del apelante; *Adolfo García Veve,* abogado del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

La única cuestión a estudiar y a resolver en este caso es la de si su conocimiento corresponde a una corte de distrito o a una municipal.

La demanda titulada de "retracto" se presentó en la Corte de Distrito de San Juan en septiembre 17, 1940, alegándose en ella, en resumen, que "The Puerto Rico Adver-

tising Company'' era una corporación doméstica dedicada al negocio de trasmisiones por radio a través de la estación "W.P.R.A.'', de Mayagüez, estando representado su capital por acciones de un valor nominal de cincuenta dólares;

Que dichas acciones de acuerdo con el inciso primero, sección octava de sus cláusulas de incorporación "serán nominativas y no se inscribirá la transferencia de las mismas a un segundo o posterior comprador, si no se ha notificado a la directiva de la corporación y accionistas el propósito de la venta de ellas con treinta días de antelación a la fecha de la venta, o, por mejor decir, al día en que se haga la venta,'' disponiendo el inciso segundo de dichas sección y cláusulas que "Si alguna acción fuese vendida sin este requisito cualquier accionista podrá retrotraerla dentro de un término de noventa días a contar desde aquélla en que se haya presentado la inscripción de la transferencia en el Registro de la Corporación'';

Que Manuel Marín era dueño de dos de dichas acciones y el demandante es dueño de otra, habiendo transferido Marín las suyas en julio 30, 1940, al demandado Pizá sin cumplir lo estipulado en el inciso primero, sección octava de las cláusulas de incorporación, limitándose a comunicarlo a la corporación por carta de julio 31, 1940, y que habiendo pedido Pizá en agosto 29, 1940, la toma de razón de la transferencia en el registro de acciones de la corporación, los directores de ésta se negaron a verificarla por el motivo indicado;

Que el demandante se enteró del traspaso en agosto 29, 1940, y desea, como accionista, hacer uso del derecho de retracto que le concede la sección octava de las cláusulas de incorporación, subrogándose en lugar del demandado y que "si bien el valor nominal de dichas acciones es de cincuenta dólares cada una, el demandante ignora el precio cierto pagado por el Sr. Juan Pizá al Sr. Manuel Marín, por lo cual el demandante no consigna en corte suma alguna, pero está dispuesto a dar fianza para consignar dicho precio cuando sea conocido'';

Que el demandado es condueño de la estación de radio "W.N.E.L.", entidad competidora de la Puerto Rico Advertising Company, y tiene interés en intervenir en los negocios de ésta fiscalizando las gestiones de sus competidores y entorpeciendo su marcha, en beneficio de su corporación, y

Que el demandante "se compromete a cumplir solemnemente con el inciso quinto del artículo 1618 del Código de Enjuiciamiento Civil español, a conservar las acciones retraídas del Sr. Juan Pizá durante el término de cuatro años, y, muy especialmente a no transferir dichas acciones sin cumplir antes con las disposiciones de la sección octava de las cláusulas de incorporación de la Puerto Rico Advertising Company."

Emplazado el demandado, presentó en septiembre 19, 1940, un escrito titulado "excepción previa," alegando que la corte no tenía jurisdicción y que la demanda no aducía hechos suficientes para exponer una causa de acción.

La corte declaró que carecía de jurisdicción para conocer del pleito por razón de la cuantía. No entró a considerar si la demanda aducía o no hechos suficientes para determinar una causa de acción. Concedió diez días para enmendar, y como el demandante no presentara enmienda ni pidiera prórroga del término, el demandado solicitó que se dictara sentencia. La corte accedió, dictándola en efecto el 30 de junio de 1941, declarando la demanda sin lugar, con las costas. Y es contra esa sentencia que se interpuso el presente recurso de apelación.

Tres errores señala y discute el apelante en su alegato, sosteniendo que la corte erró al declararse sin jurisdicción, (1) porque la acción de retracto es de la jurisdicción exclusiva de la corte de distrito; (2) porque en las acciones de retracto no se discute la cuantía, sino el derecho a subrogarse el condueño o comunero en lugar del comprador o cesionario extraño; y (3) porque en una acción en que se ignora la suma envuelta, la jurisdicción corresponde a la corte de distrito.

Como puede verse, el apelante al presentar su caso parte de la base exclusiva de haber ejercitado una acción de retracto conforme a lo preceptuado en el Código Civil, ajustándose a los trámites establecidos por la antigua Ley de Enjuiciamiento Civil.

Es dudoso que su caso caiga dentro de los rígidos moldes de la institución del retracto regulada actualmente por los artículos 1396 al 1415 del Código Civil, ed. 1930, pero admitiendo que pudiera comprenderse en ella, no estamos conformes en que por ese solo hecho, esto es, por tratarse de un retracto, la jurisdicción corresponda a la corte del distrito con exclusión de la municipal.

En la decisión de este tribunal en el caso de *Pujals Carlo v. Corte,* 40 D.P.R. 92, se hizo un estudio de la ley que determina la jurisdicción de las cortes municipales y de la jurisprudencia interpretativa de la misma y se concluyó que dichas cortes tienen jurisdicción en todos los asuntos civiles que se promuevan en su distrito en que la cuantía de la reclamación llegue a quinientos dólares *o el interés envuelto sea valuable o tasable y no exceda de dicha suma,* con las excepciones ya establecidas por la jurisprudencia, entre las cuales no se encuentran los casos de retracto.

Fué basándose en los hechos del caso y en lo resuelto por esta corte, que la corte de distrito dijo en su resolución lo que sigue:

"De la demanda sólo aparece que las acciones objeto del litigio tienen un valor nominal de $100. Cierto es que el valor nominal de una acción no siempre guarda relación con su verdadero valor, pero en ausencia de alguna alegación contraria no podemos presumir que las acciones valgan más de $100, ni que el demandado pagara por ellas más de $100.

*　　*　　*　　*　　*　　*　　*

"Si el verdadero valor de las acciones, o el precio pagado por el demandado al adquirirlas, fuese distinto del único valor que a las acciones se le da en la demanda, y excediere de $500, entonces tendríamos un asunto que cabría dentro de nuestra jurisdicción."

Estamos conformes en que aquí no se trata de una reclamación de dinero, pero no lo estamos en que no sea valuable la cosa reclamada. Las acciones tienen un valor. Conocemos el único que se da, el nominal, cien dólares, y regulada la jurisdicción tomándolo como base, corresponde el conocimiento de la reclamación a la corte municipal de modo exclusivo.

¿Surge de la demanda otro valor? En su argumentación sostiene el apelante que sí y que es suficiente su alegación de que ignora el precio cierto pagado por el demandado a Marín en relación con su otra alegación sobre el interés del demandado en la adquisición para los fines que se indican, que permite suponer que el precio pagado pasara de quinientos dólares.

Ello no es suficiente a nuestro juicio. En primer lugar no hay alegación concreta alguna en la demanda sobre el particular. Ni siquiera se dice en ella que requeridos Marín y Pizá, se negaran a comunicar el precio de la transferencia al demandante. En segundo lugar la excepción de la demandada alegada cuando no habían transcurrido los noventa días de la opción, implícitamente parte de la base de un valor menor de quinientos dólares. Y en tercer lugar la parte demandante que tuvo la oportunidad de enmendar su demanda esclareciendo sus alegaciones después de conocida la conclusión a que llegó la corte de distrito, no lo hizo. Véanse *Motex Oil Corporation* v. *Taylor,* 233 S. W. 520 (Tex.); *Childs et al.* v. *Brown,* 151 S. W. 1154 (Tex.). Prefirió descansar sobre su teoría de tratarse de una acción cuyo conocimiento correspondía exclusivamente a la corte de distrito, irrespectivamente de la cuantía que pudiera estar envuelta, y hemos concluído que esa teoría, que pudo estar bien fundada dentro del sistema de cortes que funcionaba con anterioridad al 1904, no lo está en la actualidad.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*