### George L. Smalley v. John D. Masten.

The statute exempting from execution, to the amount of $250, the tools, implements, &c., to enable a person to carry on the business in which he is wholly or principally engaged, is not to be construed with reference to the productiveness or profit of one kind of business over another, where two or more occupations are followed at the same time, but with reference to the occupation or business on which the party chiefly relies for a livelihood, and which engrosses the most of his time and attention, not for a day, or week, or month, but through the year.

Where, therefore, a suit was brought for property claimed as exempt under this statute, and it appeared that the plaintiff was engaged in two occupations— *Held* erroneous for the court to permit the plaintiff to call witnesses to prove which of his two occupations would be likely to bring him in the most.

*Heard October 5th. Decided October 13th.*

Error to Jackson Circuit.

Masten brought replevin against Smalley, to recover a span of horses and wagon, which the latter, as Sheriff of Jackson county, had levied upon by virtue of an execu-

tion against Masten, who claimed the same as exempt, to enable him to carry on the business of farming. On the trial, it was shown that plaintiff carried on a farm, and was also engaged in business as a tailor; and the following question was put by plaintiff's counsel to one of his witnesses: "Which of these occupations would be likely to bring him [plaintiff] in the most?" The defendant objected to the question, but the court overruled the objection, and the witness answered, he supposed farming would, from what he knew.

The charge to the jury is sufficiently stated in the opinion. Masten had judgment in the court below.

*M. McGee*, for plaintiff in error.

*Blair & Gibson*, for defendant in error.

MANNING J.:

"The tools, implements, materials, stock, apparatus, team, vehicle, horses, harness, or other things to enable any person to carry on the profession, trade, occupation or business, in which he is wholly or *principally engaged*, not exceeding in value two hundred and fifty dollars" (*Comp. L.* § 4465), are exempt from levy and sale on execution. The words *"principally engaged,"* are not to to be construed with reference to the productiveness or profit of one kind of business over another, where two or more occupations are followed at the same time, but with reference to the occupation or business on which the party chiefly relies for a livelihood, and that engrosses the most of his time and attention; not for a day, or week, or month, but through the year. We therefore think the court erred in allowing the plaintiff below, who is the defendant in error, to prove which of his two occupations, tailoring or farming, would be likely to bring him in the most. A new business, embarked in as an experiment

merely, might temporarily produce more, and require more personal attention, than the old, and yet the latter be one's principal occupation, because most relied on or looked to for a livelihood, and the one that would be held on to if compelled to abandon either.

The judge was requested to charge that, if the plaintiff gave his principal time and attention to the business of tailoring, the property replevied would not be exempt. This he refused, but did . charge the jury that it was proper for them to consider the amount or extent of the different kinds of business in which he was engaged, as well as his personal labor: that personal labor was not a positive or absolute test of the business in which he was principally engaged, but was a circumstance to be left to them for their consideration. There was nothing wrong in this. Still, the jury may have been influenced more or less in rendering the verdict they did by the evidence already referred to. They probably were.

Judgment is reversed, and new trial ordered.

The other Justices concurred.