E. C. SMITH v. W. R. HORTON.

Delivered April 2, 1898.

**1. Exemption Law—Bicycle Not a "Tool or Apparatus."**

Under the statutory exemption from forced sale of "all tools, apparatus, and books belonging to any trade or profession," a bicycle is not a "tool or apparatus" belonging to the profession of an architect.

**2. Same—Statutory Construction.**

For the courts to extend the exemption statutes by construction so as to include in their operation all things useful or convenient in carrying on a given trade or profession would be to invade the domain of legislation.

APPEAL from Hunt. Tried below before Hon. HOWARD TEMPLETON.

*Nichols & Harris,* for appellant.

*Yoakum & Vaughan,* for appellee.

RAINEY, ASSOCIATE JUSTICE.—This is an injunction suit brought by appellant to restrain a constable from selling a bicycle levied upon by virtue of an execution against appellee. The injunction was dissolved, from which order this appeal is prosecuted.

Appellant in his petition alleged: (1) That he is a single man, not the head of a family, and that he did not own at the time of the levy or during the time he possessed the bicycle, a horse, and that he purchased and used the said bicycle in the place and stead of a horse. That it was exempt under the laws of the State, and that he claims the exemption.

(2) That he is engaged in the trade or profession of an architect and building superintendent; that in order to most expediently, effectively, adequately, satisfactorily, and profitably conduct and prosecute his trade or profession it was necessary he have some means of rapid locomotion from place to place where buildings were being erected over which he had superintendence, and to return to his office and attend to his duties as an architect, and that for the purpose of said rapid locomotion appellant bought a bicycle, which is a simple road instrument or machine, and used and was using it for that purpose up to the time of the levy in the prosecution of his trade or profession of architect and building superintendent, and that to be deprived of his bicycle placed him at a disadvantage in the pursuit of his occupation and deprived him of a cheap and expeditious means of rapid locomotion which is necessary and almost indispensable for the proper and successful pursuit of his busi-

ness.   The appellant therefore alleged that for his trade or profession as an architect and building superintendent, his bicycle was necessary and almost indispensable for the proper and successful pursuit of his trade or profession, and is an instrument, machine, tool, or apparatus belonging to his trade or profession, and is exempt under the laws of the State from forced sale, and that he claims said exemption.

Our statute reserves to persons who are not constituents of a family property "exempt from attachment, execution, and every other species of forced sale," among other things, "all tools, apparatus, and books belonging to any trade or profession," and "one horse, saddle and bridle." Rev. Stats., art. 2397.   In construing exemption statutes, the courts of our State, as well as those of other jurisdictions, have been exceedingly liberal, and in many instances have been possibly more liberal than the wording of the statute would seem to justify.   The allegations of the petition show that a bicycle is a vehicle used for the purpose of locomotion; and stress is laid upon the further allegation that it is necessary in conducting plaintiff's business for him to move from point to point with rapidity, and that he uses a bicycle for that purpose.   Taking this as true, does it follow that a bicycle is a "tool" or "apparatus" that belongs to the "trade" or "profession" of "an architect and building superintendent?"   It may be, and doubtless is, quite a useful and convenient mode of locomotion, but being such does not constitute it a "tool" or "apparatus" *belonging* to that trade or profession.   If it could be so held, then by the force of the same logic, a bicycle could be held to belong to every known trade and profession where means for locomotion is useful and convenient in that trade or profession.   Being useful and convenient is not the criterion by which the exemption of property is determined.   While the statutes do not enumerate what belongs to any particular trade or profession, but leave it for judicial determination, still it is definite enough to show that it is only such tools and apparatus as properly belong thereto and are essential to the conducting of the business—for instance, the printing press, type, cases, etc., are tools belonging to and are exempt to the printer; the awl, last, etc., to the shoemaker; the forge, anvil, tongs, hammers, etc., to the blacksmith; the saw, hammer, plane, chisel, etc., to the carpenter; and so on.   It does not necessarily include every convenience that might be beneficial in carrying on a particular business.   If so, the physician could claim the bicycle as exempt, because it would be useful to him in visiting his patients; the same of the traveling salesman, because he could use it in going from place to place to vend his wares; and so of many other trades and professions, but it would be doing violence to the facts to say that it was a tool or apparatus that belongs to either of these callings. Our statute exempts the horse as the only means necessary to assist the single man in the way of locomotion; and for the courts to engraft upon the statute a machine, as exempt, that is useful for the same purpose, would in our opinion be invading the domain of legislation.

The court did not err in sustaining the exception to the petition; and the judgment is therefore affirmed.

*Affirmed.*

Writ of error refused in written opinion approving ruling. Smith v. Horton, 92 Texas, 21.