[Civil No. 2226.  Filed February 2, 1925.]

[232 Pac. 886.],

## JAMES MEYERS, Appellant, v. I. ROSENZWEIG, Appellee.

1. EXEMPTIONS—AUTOMOBILE USED BY REAL ESTATE AGENT IN HIS BUSINESS HELD NOT EXEMPT FROM EXECUTION—"LABORER."—Automobile used by real estate agent in his business of finding purchasers and making sales and transfers, collecting rents and looking after mortgages and insurance, *held* not exempt from execution under Civil Code of 1913, paragraph 3302, subdivision 12; real estate agent not being a laborer, and not being enumerated under the professionals, and words "or other laborer" being intended to describe persons in same class as those enumerated.

2. STATUTES—RULE OF EJUSDEM GENERIS STATED.—Generally rule is that, where words are used in a statute describing a class as falling within its purview, and are followed with general words, latter should be given same meaning as those named in class.

See (1) 25 C. J., p. 58 (1926 Anno.); 35 C. J., p. 930 (1926 Anno.).  (2) 36 Cyc., p. 1119.

APPEAL from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Affirmed.

Messrs. Jamison & Holzwarth, for Appellant.

Mr. I. J. Lipsohn, for Appellee.

ROSS, J.—Rosenzweig, having obtained a judgment against Meyers, caused an execution to be issued and levied upon the latter's automobile—a seven-passenger Franklin car of the touring type. Meyers thereupon moved the court for an order vacating the levy, claiming automobile as exempt from execution and forced sale. Upon a hearing

1. Automobile as a tool or implement within meaning of exemption laws, see note in 2 A. L. R. 827.
2. See 25 R. C. L. 996.

the motion was denied, and Meyers appeals from such order.

The evidence at the trial of motion, gathered from stipulation and the affidavit in support · thereof, is to the effect that Meyers was a married man and the head of a family residing in Maricopa county, Arizona; that his business was that of a real estate agent, and as such he attended to finding purchasers and making sales and transfers, collecting rents and looking after mortgages and insurance; that the automobile levied upon was his, and that he used it habitually earning his living, and that it was necessary in his business.

The claim that the automobile is exempt from execution is based upon the language found in subdivision 12 of paragraph 3302, chapter 2 of title 20 of the Civil Code of 1913, which reads as follows:

"3302. The following property shall be exempt from execution, attachment or sale on any process issued from any court: . . .

"(12) Two horses or two mules and their harness; one cart or wagon; one dray or truck; one coupé; one hack or carriage for one or two horses or one automobile by the use of which a cartman, drayman, truckman, huckster, hackman, teamster, chauffeur, or other laborer habitually earns his living, and one horse with vehicle or harness or other equipments used by a surgeon, physician, constable or clergyman in the legitimate practice of his profession, with food for such horses or mules. for one month."

It is obvious that the legislative solicitude is here concerned in providing exemption to two kinds of persons: Certain laborers and certain professionals. Enumerated as among the former · are cartmen, draymen, etc., and among the latter surgeons, physicians, etc. The exemption allowed to the first class are the instrumentalities indispensably necessary to carry on their business; in the second the

instrumentalities are convenient and desirable, but not indispensable. To the cartman his outfit is as necessary to carry on his business as a railroad is to carry on railroading; his cart, or wagon, or dray, or truck, or coupé, or hack, or carriage, or automobile is to him what the instruments and chest of a surgeon are to him; it is that without which he cannot carry on his business. Before the days of the automobile the surgeon, physician and itinerant preacher used their horse-drawn vehicles in the practice of their professions in very much the same way a real estate agent uses his automobile to carry on his business—as a means of convenient transportation from place to place. The appellant does not fall within either of the classes. He is not a laborer, because he does not use his automobile to convey freight, or passengers, or to peddle from as a huckster, or as the means of making a living, as is required of the laborer, and, not being enumerated as exempt under the second class, even though using his automobile in much the same manner as a physician, surgeon or clergyman formerly used horse and buggy, under the familiar maxim, *expressio unius est exclusio alterius,* he is excluded therefrom.

We think the legislature by the use of the expression "or other laborer" intended to describe persons in the same class as those enumerated. The general rule is that, where words are used in a statute describing a class as falling within its purview, and are followed by general words, the latter should be given the same meaning as those named in the class. *Spalding* v. *People,* 172 Ill. 40, 49 N. E. 993. We think, too, under the maxim of *ejusdem generis,* to be covered by the phrase, "or other laborer," one must be engaged in work of a similar nature to that done by those enumerated. There is a wide difference in the vocation of a real estate agent and that of a cartman, etc. The latter's work

is almost wholly physical; he is loading and unloading and driving. The former's work is almost wholly mental, and consists in presenting his wares to prospective buyers in an attractive and persuasive way.

We do not feel at liberty to extend by interpretation the exemption asked for in this case. If the legislature of the state sees fit to exempt an automobile, used by a real estate agent in the carrying on of his vocation, well and good; but that is for the legislature to say, and not us. The question is not without its perplexities, and this particular exemption statute would stand considerable clarifying, to the benefit of all. In many respects, it is as antiquated as most horse-drawn vehicles.

The judgment of the lower court is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.