[Civil No. 2378. Filed October 9, 1925.]

[239 Pac. 794.]

## C. M. MACK, Appellant, v. CHARLES BOOTS, Appellee.

1. EXEMPTIONS—QUESTION OF DEBTOR'S EXEMPTION OF PROPERTY, LEVIED ON UNDER EXECUTION, HELD PROPERLY RAISED ON MOTION TO VACATE LEVY SUPPORTED BY AFFIDAVIT.—Where property was levied upon under execution, question of debtor's exemption *held* properly raised on motion presented to trial court to vacate levy, supported by affidavit, and introduction of oral testimony by both parties at the hearing.

2. HOMESTEAD—EXECUTION DEBTOR NOT ENTITLED TO CLAIM AUTOMOBILE AS EXEMPT BECAUSE HE HAD TRADED HIS EQUITY IN HIS HOMESTEAD FOR IT.—Execution debtor *held* not entitled to claim automobile as exempt on the ground that he had traded his equity in his homestead for it, under Civil Code of 1913, paragraph 3295, in view of paragraph 3302, that personal property exemptions are of specific property.

3. EXEMPTIONS—EXECUTION DEBTOR HELD NOT ENTITLED TO CLAIM AUTOMOBILE AS EXEMPT WHERE USED INCIDENTALLY TO HIS BUSINESS OF "MACHINIST"—"MECHANIC."—Execution debtor *held* not entitled to claim his automobile as exempt under Civil Code of 1913, paragraph 3302, subdivision 12, exempting an automobile by use of which a chauffeur habitually earns his living, where debtor's automobile was used incidentally to his business of machinist, though he might claim exemption as a mechanic under subdivision 5; "machinist" and "mechanic" being synonymous.

See (1) 25 C. J., p. 148.   (2) 29 C. J., p. 835.   (3) 25 C. J., p. 52.

APPEAL from a judgment of the Superior Court of the County of Graham. W. R. Chambers, Judge. Judgment reversed and cause remanded, with instructions.

Mr. E. L. Spriggs, for Appellant.

Mr. Jesse A. Udall, for Appellee.

2.   See 13 R. C. L. 584.
3.   See 21 R. C. L. 506.

ROSS, J.—This appeal is from the allowance of an exemption of an automobile to Charles Boots as against an execution levied thereon to satisfy a judgment theretofore obtained against Boots by C. M. Mack.

The question of exemption was presented to the trial court on motion to vacate levy, supported by affidavit. At the hearing on motion oral testimony was submitted by both parties. Some complaint is made of this summary method of procedure, but we think it the usual and proper way to raise the question of exemption when property is attached or levied upon under execution. The motion was based upon two grounds: (1) That the automobile was obtained by Boots in a trade of his homestead; and (2) that Boots was a licensed chauffeur and as such used the automobile habitually to earn his living. The court found that the evidence sustained both claims, and ordered the levy vacated and set aside. Mack appeals and assigns as error the order sustaining the first claim as contrary to the law, and the order sustaining the second claim as contrary to the law and not supported by the evidence.

Under the statute, when a homestead is involuntarily converted into personal property, as under execution or attachment sale, the sum of $4,000 is "protected from all legal process" (paragraph 3295, Civ. Code 1913), but when the sale is voluntary the statute is silent. Some of the courts hold, under such circumstances, that if the sale of the homestead was made with the intention of reinvesting the proceeds in another homestead, such proceeds are exempt until reinvested, providing it is done within a reasonable time. Whether such a rule is within the intent of our homestead statute it is not necessary under the facts of this case to decide, because there was no evidence of an intention to reinvest the auto or its pro-

ceeds in another homestead, and if there had been it is doubtful if the auto could have been successfully claimed as exempt for the reason that under the law of this state personal property exemptions is of specific property. Paragraph 3302, *supra*. In other words:

"The law designates the species of property it exempts, and does not allow the debtor to choose for himself in respect to the kind or species of property to be exempted. To permit this would be to substitute the choice of the debtor for the provisions of the statute. When exempt property is voluntarily converted into money, or other property not also exempt by law, the right is gone." 13 R. C. L. 584, § 49.

Under the facts as disclosed in this case, the execution debtor was not entitled to claim the automobile as exempt on the ground that he had traded his equity in his homestead for it, and the court erred in so holding.

The court's finding on the second issue was as follows:

"That the defendant is a licensed chauffeur and uses said automobile for the purpose of hauling passengers, tools, and workmen for a mining company in Cochise county, Arizona, where the defendant is employed; that defendant's employer pays him for the use of said automobile, and the said use of said automobile is one of the means by which the defendant habitually earns his living."

The evidence on this issue was that Boots was a machinist, employed as such by the Central Copper Company, of Central, Cochise county, at five dollars per day; that as such employee he repaired machinery in mines, telephone and electric lines, and did repair work in the roundhouse of the railroad of his employer; that he used the automobile to convey himself to and from his work, to haul people who were helpers, and to haul his tools and machinery, for

which uses the company paid him about twenty dollars per month, and also paid for the automobile's upkeep; that is, for gasoline, oil and breakage.

The statute, subdivision 12 of paragraph 3302, *supra,* exempts from execution, attachment, or sale on any process (among other things), "one automobile by the use of which . . . a chauffeur . . . habitually earns his living. . . . " By this subdivision (12) chauffeurs are placed in the same category as cartmen, draymen, truckmen, hucksters, hackmen and teamsters. The instrumentalities of these named persons, used by them habitually to make a living, are exempt, but can it have been intended by the legislature to exempt the vehicle named when its owner's occupation was of a character not requiring it and ordinarily easily susceptible of being carried on without its use? At most, under the evidence, appellee's automobile was used incidentally to his business of machinist—to carry him and his tools to and from his work. True, he was compensated by his employer for its use. He was hired as a machinist at five dollars per day, and given a monthly rental for the use of his car,—in amount about twenty dollars. Under subdivision 5, paragraph 3302, *supra,* the tools or implements of a mechanic or artisan necessary to carry on his trade are exempt. We think a machinist is a mechanic, and as such could claim the exemption of said subdivision 5. Webster's New International says:

" . . . 'Mechanic,' once synonymous with 'artisan,' is now commonly restricted to a workman who is skilled in constructing, repairing or using machinery." *State* v. *City of Ottawa,* 84 Kan. 100, 113 Pac. 391.

Under the rule announced below, all a mechanic or artisan need to do to claim his automobile as exempt, in addition to his tools or implements, is to secure from the secretary of state a chauffeur's license, use

his automobile to carry himself and tools and other employees to and from their work, charging therefor a rental.

It is not the fact that the owner of an automobile is also a licensed chauffeur that entitles him to claim his automobile as exempt, but the fact that he uses it habitually to earn his living. If the owner of an automobile uses it as a public utility to carry passengers or freight for hire, and is dependent thereon to earn a living, he doubtless would fall within the exemption statute; but where he rents it to a private concern to be used only on occasion and for limited purposes, whether he or someone else derives it, it would be stretching the law too much, we think, to say the automobile by reason thereof is exempt. The appellee was not engaged in the business of operating his automobile for hire. His real business was that of a machinist. It is said:

"It is a general and most reasonable rule that a person cannot by multiplying his employments claim cumulatively several exemptions, created by the statute for several distinct employments. The mere fact, however, that a debtor carries on two or more trades or professions at the same time does not deprive him of all exemptions. If he has two separate pursuits, the exempted articles must belong to his main or principal business; in other words, to the business in which he is principally engaged." 11 R. C. L. 506, § 16.

In *Meyers* v. *Rosenzweig*, 27 Ariz. 286, 232 Pac. 886, it was held by this court that a real estate agent could not claim his automobile, under subdivision 12 of paragraph 3302, as exempt, even though he used it habitually in his business as a real estate agent, for the reason he did not come within the terms or intendments of the statute.

It is clear to our minds that appellee was not entitled to claim his automobile as exempt under said

statute since its use was only incidental to his main trade or business—that of a machinist.

For the reasons above stated the order of the court vacating the execution lien is reversed and the cause remanded, with directions that further proceedings be had not inconsistent herewith.

McALISTER, C. J., and LOCKWOOD, J., concur.