[Civil No. 3398.   Filed April 9, 1934.]

[31 Pac. (2d) 497.]

STANDARD SANITARY MANUFACTURING COMPANY, a Corporation, Appellant, v. FOREST G. PRISER, Appellee.

Messrs. Mathews & Bilby and Mr. T. K. Shoenhair, for Appellant.

Mr. George O. Hilzinger, for Appellee.

LOCKWOOD, J.—This is an appeal by Standard Sanitary Manufacturing Company, a corporation, hereinafter called plaintiff, from an order of the superior court of Pima county, dissolving an attachment levied upon a Ford sedan automobile belonging to Forest G. Priser, hereinafter called defendant. The question before us is as to whether or not the said automobile was exempt from attachment and execution under certain provisions of section 1738, Revised Code 1928. The provisions in question are a portion of subdivisions 3 and 10 of said section, and read as follows:

"3. The tools or implements of a mechanic or artisan necessary to carry on his trade. . . . "

"10. One motor vehicle by the use of which a cartman, drayman, truckman, huckster, hackman, teamster, chauffeur, or other laborer habitually earns his living. . . . "

The evidence material for a determination of this point may be summarized as follows: Defendant is an electrical contractor engaged in the business of repairing, remodeling and doing new work in the electrical line, and practically all of the physical labor performed in this business he does with his own hands. The automobile in question is a Ford tudor sedan and is used by defendant, aside from pleasure purposes, in the hauling of himself and his materials and tools to and from any job that he does.

We consider first whether it is exempt under subdivision 10, *supra.* As far as this jurisdiction is concerned, we think the question is determined by the case of *Meyers* v. *Rosenzweig,* 27 Ariz. 286, 232 Pac.

886, wherein we say, discussing the provisions of subdivision 12 of paragraph 3302, Revised Statutes of Arizona 1913 (Civ. Code), which is substantially the same as subdivision 10, *supra:*

"It is obvious that the legislative solicitude is here concerned in providing exemption to two kinds of persons: Certain laborers and certain professionals. Enumerated as among the former are cartmen, draymen, etc., and among the latter surgeons, physicians, etc. The exemption allowed to the first class are the instrumentalities indispensably necessary to carry on their business; in the second the instrumentalities are convenient and desirable, but not indispensable. To the cartman his outfit is as necessary to carry on his business as a railroad is to carry on railroading; his cart, or wagon, or dray, or truck, or coupé, or hack, or carriage, or automobile is to him what the instruments and chest of a surgeon are to him; it is that without which he cannot carry on his business. . . .

"We think the Legislature by the use of the expression 'or other laborer' intended to describe persons in the same class as those enumerated. The general rule is that, where words are used in a statute describing a class as falling within its purview, and are followed by general words, the latter should be given the same meaning as those named in the class. *Spalding* v. *People,* 172 Ill. 40, 49 N. E. 993. We think, too, under the maxim of *ejusdem generis,* to be covered by the phrase, 'or other laborer,' one must be engaged in work of a similar nature to that done by those enumerated. . . . "

An electrical contractor and repairman is obviously not an "other laborer" in the same class as those enumerated, for it is plain an automobile is not indispensably necessary for him to carry on his business, but merely convenient and desirable for that purpose.

Is it exempt from the provisions of subdivision 3, *supra?* We think the principle governing exemp-

tions of this class is well set forth in the case of *Smith* v. *Horton,* 19 Tex. Civ. App. 28, 46 S. W. 401:

" . . . Our statute reserves, to persons who are not constituents of a family, property 'exempt from attachment, execution, and every other species of forced sale'; among other things, 'all tools, apparatus and books belonging to any trade or profession,' and 'one horse, saddle and bridle.' Rev. St. 1895, art. 2397. In construing exemption statutes, the courts of our state, as well as those of other jurisdictions, have been exceedingly liberal, and in many instances have been possibly more liberal than the wording of the statute would seem to justify. The allegations of the petition show that a bicycle is a vehicle used for purposes of locomotion; and stress is laid upon the further allegation that it is necessary, in conducting plaintiff's business, for him to move from point to point with rapidity, and that he uses a bicycle for that purpose. Taking this as true, does it follow that a bicycle is a 'tool' or 'apparatus' that belongs to the 'trade' or 'profession' of 'an architect and building superintendent?' It may be, and doubtless is, quite a useful and convenient mode of locomotion; but being such does not constitute it a 'tool' or 'apparatus' belonging to that trade or profession. If it could be so held, then by the force of the same logic a bicycle could be held to belong to every known trade and profession where means for locomotion is useful and convenient in that trade or profession. Being useful and convenient is not the criterion by which the exemption of property is determined. While the statute does not enumerate what belongs to any particular trade or profession, but leaves it for judicial determination, still it is definite enough to include only such tools and apparatus as properly belong thereto, and are essential to the conducting of the business. For instance, the printing press, type, cases, etc., are tools belonging to, and are exempt to, the printer; the awl, last, etc., to the shoemaker; the forge, anvil, tongs, hammers, etc., to the blacksmith; the saw, hammer, plane, chisel etc., to

the carpenter; and so on. It does not necessarily include every convenience that might be beneficial in carrying on a particular business. If so, the physician could claim the bicycle as exempt, because it would be useful to him in visiting his patients, the same of the traveling salesman, because he could use it in going from place to place to vend his wares; and so of many other trades and professions. But it would be doing violence to the facts to say that it was a tool or apparatus that belongs to either of these callings. . . . ''

While the case discusses the exemption of a bicycle rather than an automobile, the reasoning used therein applies with equal force to automobiles. See, also, *Mack* v. *Boots,* 29 Ariz. 116, 239 Pac. 794; *Hammond* v. *Pickett,* (Tex. Civ. App.) 158 S. W. 174; *Eastern Mfg. Co.* v. *Thomas,* 82 S. C. 509, 64 S. E. 401; *Farmers' Elevator & Live Stock Co.* v. *Satre,* 196 Iowa 1076, 195 N. W. 1011; *First State Bank* v. *Pulliam,* 112 Okl. 22, 239 Pac. 595, 596. The only cases we have found which take a contrary view are the following: *Printz* v. *Shepard,* 128 Kan. 210, 276 Pac. 811; *Dowd* v. *Heuson,* 122 Kan. 278, 252 Pac. 260, 52 A. L. R. 823; *Federal Agency Inv. Co.* v. *Baker,* 122 Kan. 460, 252 Pac. 262. It will be observed they all come from one jurisdiction and apparently rely on the reasoning set forth in *Dowd* v. *Heuson, supra.* With all due respect to that distinguished court, we think that of *Smith* v. *Horton, supra,* is sounder, and follow the latter.

As was said by the Supreme Court of Oklahoma in the case of *First State Bank* v. *Pulliam, supra,* in discussing the question of whether a Ford automobile is a tool in the meaning of an exemption statute, '' . . . We have never heard it called a 'tool,' although we confess to having heard it called everything else within the range of the English language and several foreign languages. . . . ''

While there are perhaps conceivable cases where such a vehicle might be a "tool," we think it clearly was not one in the present instance. We are of the opinion that the trial court erred in vacating the writ of attachment, and the order is therefore set aside.

ROSS, C. J., and McALISTER, J., concur.