**COBET v. TREACCAR, District Clerk, et al.**

**No. 10910.**

Court of Civil Appeals of Texas. Galveston.

April 6, 1939.

Ressel & Ressel, of Galveston, for relator.

Chas. J. & Theodore B. Stubbs, of Galveston, for respondents.

GRAVES, Justice.

This is an original application to this court by relator J. Alfred Cobet, against the officers of the 56th District Court of Galveston County, that is, Honorable Charles G. Dibrell, as Judge, Honorable H. H. Treaccar, as Clerk, and Miss Mary E. McGowan, as official court reporter, respondents, wherein he prays that all such officers be required to allow him to prosecute an appeal to this court in cause No. 54,237, styled J. Albert Cobet v. Carlos Ippolito dba. Dr. Pepper Bottling Company, now pending in such District Court, wherein judgment was rendered against this relator on January 17 of 1939, without paying any part of costs of such an appeal or furnishing security therefor, upon his affidavit of inability either to make such payment or furnish such security, filed in such District Court on January 30th of 1939.

The application further recites that such officers of court duly contested that affidavit, and thereafter on the 10th day of February of 1939, after a full hearing by the court of all the pleadings, arguments, and evidence tendered by both sides thereto, such contest had been decided adversely to him, and judgment duly entered upon specifically stated findings made to the effect that the issues of fact therein raised touching relator's ability to pay the costs of an appeal in whole or in part, or furnish security therefor, had also been determined against him.

A statement of facts, fully showing the evidence heard by the court on such contest, together with complete transcript of all the proceedings had thereat, have been presented here with the application, together with briefs in behalf of both relator and respondents.

After fully reviewing the same, this court concludes that the application for writ of mandamus should be refused; the statement of facts shows that the controversy raged mainly around whether or not the relator had at the time of the hearing sufficient values and equity in a motorcycle, the original cost of which to him had been $519, as to enable him to pay or secure the costs of such an appeal, either in whole or in part; for the purpose of this opinion it is sufficient to say that in final sum that record shows, not undisputedly, that relator had nothing, as he contends, but that there was a very substantial dispute in the testimony before the learned trial court as affected his ability to pay or secure the costs, and that, as recited supra, the court, upon fully stated findings, as to the detailed facts, determined such dispute against the relator; that being, in ultimate effect, the only showing made here upon this application, it follows that no basis for a Writ of Mandamus appears: Rutherford v. Vandygriff, Tex.Civ.App., 73 S.W.2d 569, at page 570, and cited authorities.

In other words, under these authorities as applicable to the state of this record, no showing whatever is made to the effect that these court officials were shown upon the facts to have been left with merely the ministerial duty of furnishing the requested permission, transcript, and statement of facts to this relator; therefore, no cause for the coveted writ was made out: Clendenen v. Haynes, Tex.Civ.App., 45 S.W.2d 1015, and authorities cited at page 1016.

Indeed, relator's contention before this court rests in large part upon his insistence that, being an unmarried man, the motorcycle he owned was not only unsalable in his hands but that his equity therein was fully pledged in advance to other creditors; not only so, but finally that it was exempt to him under R.S. Article 3835.

A sufficient answer to these contentions is that the trial court determined them all adversely to him on the facts, upon sufficient testimony; as affects the exemption claimed, it has been expressly held the other way, in Smith v. Horton, 19 Tex. Civ.App. 28, 46 S.W. 401, with the approval of the Supreme Court by its refusal of a writ of error, 92 Tex. 21, 46 S.W. 627.

Pursuant to these conclusions, the application will be refused.

Writ refused.