Bobby Vernon **KELLEY** et al., Appellants,

v.

Frances L. Kelley **SHIELDS** et al., Appellees.

No. 14808.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 5, 1969.

Rehearing Denied Nov. 26, 1969.

Earle Cobb, Jr., Gray, Gardner, Robinson & Cobb, San Antonio, for appellants.

Muckleroy McDonnold, Oliver & Oliver, San Antonio, for appellees.

BARROW, Chief Justice.

Appellants, Bobby Vernon Kelley and his sister Katherine Lou Kelley, brought this suit against appellees, Frances L. Kelley Shields, Robert Louis Jackson and Preston Vernon Kelley, Jr., seeking an interest in as well as an accounting and partition of the estate of Preston Vernon Kelley, Sr., deceased. Appellants are the children of deceased and his first wife. Appellee Frances L. Kelley Shields is the surviving widow of deceased and independent executrix under his will. Appellee Preston Vernon Kelley, Jr., is the son of deceased and Mrs. Shields. Appellee Robert Louis Jackson is the son of Mrs. Shields by a prior marriage. These two children, although devisees under the will, are aligned with their mother in this controversy and therefore were joined as necessary parties defendant and as appellees herein.

Preston Vernon Kelley, Sr., died on January 19, 1967, and his will, which was duly filed for probate by his widow, was admitted to probate on February 14, 1967. This will gave all of deceased's property to his surviving widow for her own use and benefit, provided, however, that if she should remarry his part of the community property should be divided equally among the four above-named children. On March 21, 1968, the surviving widow married Cornelius E. Shields. She concedes that the four children are the sole heirs of deceased, but has refused to make any distribution whatsoever to appellants and asserts that all of the estate is exempt property. The trial court entered a judgment after a non-jury trial whereby all of the estate was awarded to Mrs. Shields in fee simple.

The estate of deceased was all community property, and consisted of a homestead, cash on hand, household furniture, three cars, and an interest in seven barber and/or beauty shops. These shops were located in

leased property, four being in community centers in San Antonio and three in Houston, Texas. The Allena Village shop in San Antonio was owned by deceased, but the other six were operated as partnerships, with deceased owning a one-half interest in each. The inventory and appraisement filed by Mrs. Shields showed a net value of the estate of about $10,000. In such inventory, the only value attached to each of the shops was the value of the equipment in them. Subsequent to the remarriage of the widow, but before the trial of this case, the deceased's partnership interest in two of the San Antonio shops was sold for $52,000. The gross community valuation placed on these two shops in the inventory filed by Mrs. Shields was $8,996. At the time of trial, Mrs. Shields was operating the Allena Village shop. The three shops in Houston were being operated by her sons, Robert Jackson and Preston Kelley, Jr.; a former partner of deceased was continuing to operate the other San Antonio shop under an oral agreement with Mrs. Shields. The trial court found that all the property of deceased is exempt, same being the homestead and tools of his trade and profession.

Appellants complain of the finding by the trial court that all of the property belonging to the estate of deceased is exempt property. It is urged that the trial court erred in any event in awarding the property that admittedly is exempt, such as the homestead, to the surviving widow in fee simple. Assuming that appellants prevail on either of these propositions, they urge that the trial court should appoint a receiver to manage the shops and that appellants are entitled to an accounting and partition of the estate.

■ Appellee Mrs. Shields concedes that the judgment is erroneous in granting her a fee simple title to the homestead. See Constitution, Art. XVI, § 52; Dakan v. Dakan, 83 S.W.2d 620 (Tex.Sup.1935); 18 Tex.Jur.2d, Decedents' Estates, § 523. The principal controversy in this case is whether the seven barber and beauty shops or any of them, together with the equipment therein, are exempt property and if so the nature of the interest granted the surviving widow. Mrs. Shields asserts that the deceased's interest in all shops is exempt property under Art. 3832, § 5, Vernon's Ann.Civ.St., as tools, apparatus and books belonging to deceased's business of operating said beauty and barber shops and that she is entitled to receive same in fee simple.

Art. 3832, supra, provides in part: "The following property shall be reserved to every family, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided: 1. The homestead of the family. * * * 5. All tools, apparatus and books belonging to any trade or profession." Sec. 271 V.A.T.S. Probate Code, provides in part that all property of the estate as is exempt from execution or forced sale by the constitution and laws of the state shall be set apart for the use and benefit of the widow. The statute does not enumerate or define what tools, apparatus and books belong to any particular trade or profession, but leaves it for judicial determination. However, it has been held that such provision is definite enough to include only such tools and apparatus as properly belong thereto and are essential to the conduct of the business. For instance, the printing press, type, cases, etc., are tools belonging to the printer; the awl, last, etc., to the shoemaker; the forge, anvil, tongs, hammers, etc., to the blacksmith; the saw, hammer, plane, chisel, etc., to the carpenter. Smith v. Horton, 19 Tex. Civ.App. 28, 46 S.W. 401 (Tex.Civ.App. 1898), writ refused, written opinion, 92 Tex. 21, 46 S.W. 627 (Tex.Sup.1898); 25 Tex.Jur.2d, Exemptions, § 38. It does not include those things that might merely be beneficial to the carrying on of said trade or business. Hackler v. H. Kohnstamm & Co. of Texas, 227 S.W.2d 347 (Tex.Civ. App.—Dallas 1950, no writ); McMillan v. Dean, 174 S.W.2d 737 (Tex.Civ.App.— Austin 1943, writ ref'd w. o. m.).

In McGehee v. Smith, 163 S.W.2d 730 (Tex.Civ.App.—Amarillo 1942, no writ), it was held that the following items used in the operation of a beauty shop were exempt as tools and apparatus of trade: three electric dryers, one fan, one electric curler, three occasional chairs, one facial chair, one shampoo chair, four steel chairs, one day bed and pad, three dressing tables with mirrors and one magazine rack. In Fore v. Cooper, 34 S.W. 341 (Tex.Civ.App. 1896), it was held that the following equipment used by a barber was exempt: two barber chairs, mirrors and two tables.

■ Under the judicial interpretation of this statute, appellee Mrs. Shields is entitled to exempt only such tools and equipment necessary in the performance of deceased's trade of barber and beauty shop operator. Specifically, this does not include the value of the leasehold interest or good will of the shops. An inventory of the equipment located in each shop was offered into evidence by Mrs. Shields. With the exception of two coke machines, the meager but uncontradicted testimony is that all the equipment listed was used in the operation of said shops and was necessary to such operation. There is evidence to support the finding of the trial judge that such equipment as shown on these inventories was tools, apparatus and books.

■ An additional question is raised as to whether the equipment from all shops was exempt. Appellants do not question the exemption of the equipment in the Allena Village shop, which was owned and operated by deceased and is now being operated by Mrs. Shields. However, the other six shops were partnerships which were being operated by Mr. Kelley's partners, and appellants urge that the tools, apparatus and books in these shops are not exempt.

Texas adopted the Texas Uniform Partnership Act, effective January 1, 1962, Art. 6132b et seq. One of the significant features of this Act is the adoption of the concept that a partnership is an entity legally distinct from its partners. See Bromberg, Comments, Vol. 17, Vernon's Ann.Civ.St., 234–236. Under this concept, on the death of a partner his right in specific partnership property vests in the surviving partner or partners and such right is not subject to dower, curtesy, or allowances to widows, heirs, or next of kin. Furthermore, a partner's right to specific partnership property is not subject to attachment or execution and the authority to claim any benefit under the homestead or exemption laws is limited. Art. 6132b, § 25, supra. The entity concept is also seen in the provisions in Sec. 28–A, supra, to the effect that a partner's rights in specific partnership property are not community property, although a partner's interest in the partnership may be community property. Under these rules Mrs. Shields cannot claim the tools of the trade of the partnerships as exempt property. She is therefore limited to claim an exemption only in the tools, apparatus and books in the Allena Village shop.

■ Appellants also complain of the trial court's conclusion that Mrs. Shields was entitled to a fee simple title in the exempt property. Sec. 278, Probate Code, provides: "If, upon a final settlement of the estate, it shall appear that the same is solvent, the exempted property, except the homestead or any allowance in lieu thereof, shall be subject to partition and distribution among the heirs and distributees of such estate in like manner as the other property of the estate." Appellee Mrs. Shields urges, however, that under the holding in Hickman v. Hickman, 149 Tex. 439, 234 S.W.2d 410 (Tex.Sup.1950), she is entitled to have a fee simple title to said exempt tools and apparatus of the trade. It is seen from a close examination of such case that the holding therein is based upon the agreement entered into by the surviving widow with the devisees under the will.

There is no provision in the Texas Constitution or in the Probate Code which would give a widow a fee simple title to said exempt property. Here the trial court

has found that there is no necessity for continued administration of the estate. Under the undisputed evidence, the estate is solvent; therefore, all the estate except the homestead should be distributed to the heirs and distributees of the estate. Ray, The Widow's Election, Vol. 15 Southwestern Law Journal 111 (1961); Nunn, Homestead and Other Exemptions, § 8.

The judgment of the trial court is reversed and this cause is remanded for further proceedings not inconsistent herewith. The costs of this appeal are taxed against appellee Mrs. Frances L. Kelley Shields.