**Larry Paul BOLTON, Independent Executor of the Estate of Paul H. Bolton, Deceased, Appellant,**

v.

**Mildred BOLTON, Appellee.**

No. 12–97–00404–CV.

Court of Appeals of Texas, Tyler.

Aug. 26, 1998.

Robert Christopher Day, Jacksonville, for appellant.

Mildred Bolton, Troup, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HADDEN, Justice.

This is an appeal from an order of the County Court at Law of Cherokee County, Texas, sitting in probate, which set aside exempt property to the surviving spouse of Paul H. Bolton, deceased. Appellant, Larry Paul Bolton ("Larry"), the surviving son of Paul H. Bolton ("Paul"), is the duly appointed Independent Executor of his father's estate, and Appellee, Mildred Bolton ("Mildred"), is the surviving spouse. In one point of error, Larry asserts that the trial court abused its discretion in setting aside exempt personal property to Mildred in fee simple absolute instead of setting aside the property for her use and benefit only. We will reverse and remand.

Paul died testate on November 22, 1995, and was survived by his son, Larry, and his third wife, Mildred. In his will, Paul left everything to his son, Larry, and further named him as Independent Executor. To Mildred, Paul left "a homestead interest" in his house. Paul's will was admitted to probate and Larry was duly appointed Independent Executor. Subsequently, Mildred filed an Application to Set Aside Exempt Property. After a hearing, the court entered the following order:

. . .

On the 8th day of May, 1997, the Application to Set Aside Exempt Property filed by MILDRED BOLTON was heard by this Court, and the Court finds that such Application is true and correct and should be granted.

It is ORDERED that the property in Exhibit "A" attached hereto is hereby set apart for the use and benefit of Decedent's Surviving Spouse, MILDRED BOLTON, pursuant to Section 271, Texas Probate Code. It is further ordered that LARRY PAUL BOLTON, Independent Executor of this Estate, sign and deliver to MILDRED BOLTON, by delivery to her attorney, DWIGHT L. PHIFER, at 515 E. Commerce Street, Jacksonville, Cherokee County, Texas, all documents necessary to transfer title to said property to MILDRED BOLTON including without limitation title to the 1994 GMC Pickup truck with camper top, serial number 2GTEC19K491564324.

Such property shall be delivered by the Executor, without delay, by delivery to MILDRED BOLTON by no later than 5:00 p.m. on August 31, 1997.

SIGNED this 22nd day of August, 1997.[1]

. . .

Larry contends that the effect of the court's order was to transfer fee simple title to the exempt property to Mildred, and that the trial court did not have the authority to order such transfer. He asserts that the Texas Probate Code allows for the exempt personal property to be set apart only for the use and benefit of the surviving spouse during the administration of the estate, and that upon termination of the administration, those items of personal property pass to and are to be distributed to the devisee under the will. Larry, therefore, argues that the trial court abused its discretion in ordering such a transfer of title. We agree.

The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles, thereby acting in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex.1985). The Texas Probate Code is clear as to what

---

1. Exhibit "A" attached to the order listed personal property of the estate which was exempt from creditors' claims under TEX.PROP.CODE ANN. § 42.002 (Vernon Supp.1998). In a separate order which is not in dispute, the court set apart 200 acres for the use and benefit of Mildred as her homestead.

the court may or may not do with regard to setting aside exempt property for a surviving spouse. It states, in pertinent part, that "the court shall, by order, set apart for the *use and benefit* of the surviving spouse ... all such property of the estate as is exempt from execution or forced sale by the constitution and laws of the state." Tex.Prob.Code Ann. § 271(a) (Vernon 1980) (emphasis added). Furthermore, Section 278 of the Texas Probate Code provides:

If, upon a final settlement of the estate, it shall appear that the same is solvent, the exempted property, except the homestead or any allowance in lieu thereof, *shall be subject to partition and distribution among the heirs and distributees of such estate* in like manner as the other property of the estate. (emphasis added).

Tex.Prob.Code Ann. § 278 (Vernon 1980).

Thus, the "use and benefit" provision cannot mean a transfer of fee simple title of the exempt property to the surviving spouse because once the estate is finally settled, the exempt property would not be subject to partition and distribution among the heirs and distributees of such estate in like manner as the other property of the estate.[2]

Mildred contends that the trial court was correct in ordering the exempt property transferred to her in fee simple absolute under the Probate Code, but she cites no authority for her position. In *Kelley v. Shields*, 448 S.W.2d 135, 138 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.), the same argument was asserted by a surviving spouse, and rejected by the appellate court. There, the trial court had rendered a judgment awarding the surviving spouse certain exempt property of the estate in fee simple. In reversing the order of the trial court, the San Antonio Court of Appeals held that "[T]here is no provision in the Texas Constitution or in the Probate Code which would give a widow a fee simple title to said exempt property." *Id.* at 138.

 We conclude that during administration of an estate, the surviving spouse can retain possession of tangible exempt personal property under the "use and benefit" provision of the Code, but when the administration terminates, the decedent's interest in these items must pass to his heirs or devisees. *See* Thomas M. Featherston, Jr. and Lynda S. Still, *Marital Liability in Texas ... Till Death, Divorce, or Bankruptcy Do They Part*, 44 Baylor L.Rev. 1, 30–31 (1992).

Thus, in the instant case, the trial court erred when it required Larry to sign and deliver all documents necessary to transfer title to the exempt property to Mildred. The court's order in this regard not only frustrates the intent of the decedent's will, but is clearly contrary to the above-cited provisions of the Texas Probate Code.

We *reverse* the trial court's order and *remand* the case for further proceedings consistent with this opinion.

---

**2.** Section 279 of the Texas Probate Code does provide that should the estate, upon settlement, prove to be insolvent, the title of the surviving spouse to all the property and allowances set apart or paid to her under the provisions of this

Code shall be absolute. Tex Prob.Code Ann. § 279 (Vernon 1980). However, in the instant case, there is no proof or suggestion of insolvency of the estate of Paul H. Bolton, deceased. The undisputed evidence appears otherwise.